Meigs v. Petit Coal Co. 180 Wis. 307.

MEIGS, Respondent, vs. PETIT COAL COMPANY, Appellant.

*March 8—April 3, 1923.*

*Brokers: Compensation: Procuring cause of sale: Waiver by owner of sale of entire lot of goods: Questions for jury.*

Evidence that defendant engaged plaintiff to secure a purchaser for coal, including screened coal and screenings, on commission, and that plaintiff received an offer which he conveyed to defendant, who did not accept it, but that shortly thereafter the purchaser bought the screened coal from the defendant, who stated that he reserved the screenings for other parties, is *held* sufficient to raise questions for the jury as to whether plaintiff brought about the sale of the coal, whether defendant waived the sale of the coal as an entirety, and whether plaintiff was entitled to a commission.

APPEAL from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

Action on oral contract for recovery for services in selling coal. Action tried in the civil court of Milwaukee county, where the court directed a verdict for the defendant. From the judgment in favor of the defendant plaintiff appealed to the circuit court, which court reversed the civil court and granted a new trial, costs to abide the result.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Douglass Van Dyke.*

*Joseph E. Tierney* of Milwaukee, for the respondent.

CROWNHART, J.   The testimony in this case took a wide range, but the issues were simple and involved a single business transaction. The plaintiff contended that about October 31, 1917, the defendant engaged him to secure a purchaser for coal which the defendant had on docks in Milwaukee, consisting of several thousand tons of screened coal and a large quantity of screenings. Plaintiff claims that defendant was anxious to make the sale of this coal, and told him that he would not refuse any reasonable offer and would give him more than the ordinary commission if he would find a purchaser. Without question the plaintiff actively undertook to carry out this part of the contract and saw a number of coal dealers and attempted to make the sale. Among other dealers he saw Mr. Ed. Callaway, of the Callaway Fuel Company, and, according to the plaintiff's testimony, he received an offer from Mr. Callaway for the coal, which offer he conveyed to the defendant. The defendant did not at once accept the offer, and the plaintiff continued negotiations with other parties. It appears that shortly thereafter defendant called up Mr. Callaway by phone, and in response Mr. Callaway went to his office and purchased the screened coal. He did not take the unscreened

coal.  Mr. Callaway testified that Mr. Petit, the defendant, told him that "they had a contract customer who would take all the screenings and they were virtually stored as a safeguard for the coal supply of the plant."  He also claimed that the screenings were on fire and for that reason he did not desire them.  He paid a higher price for the screened coal without the screenings than his offer to plaintiff on the entire lot.  Mr. Petit denied that plaintiff had anything to do with making the sale to Callaway, but he testified that—

"I first found out he [the plaintiff] had been to see Mr. Callaway at the time Mr. Callaway came to my office.  Must have been a day or two before November 5th. . . . When Mr. Callaway and I started to negotiate for the sale of that coal, Mr. Callaway approached me on the subject.  Nothing was said in the course of these negotiations as to *Mr. Meigs* having offered that coal to Mr. Callaway.  It might have been said that *Mr. Meigs* had called upon him.  Nothing about any offer.  I sold to Mr. Callaway the screened coal.  Something over nine thousand tons."

However, plaintiff testified he reported the offer of Callaway to Petit the same day it was made.  These are but a few extracts from the testimony, but it all goes to show that there was a disagreement between the plaintiff and the defendant and that the facts were in controversy.  The plaintiff undoubtedly interested Callaway in the purchase of the coal, and it was through his efforts that Mr. Callaway and Mr. Petit were brought together and the sale made.  Defendant reserved the screenings, according to Mr. Callaway.  While Mr. Callaway did not take all the coal, it is fairly clear from his testimony that the defendant did not endeavor to sell him the screenings, but on the contrary claimed that he had the screenings reserved for other parties; at least the jury were at liberty to find that defendant waived the sale of the coal as an entirety.  We think it should have been submitted to the jury as to whether or not the plaintiff brought about the sale of the screened coal, and whether

under all the circumstances he was entitled to compensation for his services.

It follows that the order of the circuit court is right.

*By the Court.*—The order of the circuit court is affirmed.

DOERFLER, J., dissents.